**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARRYL E. HOLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-05246 |
| | ) | |
| OFFICER MARK CAREY, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, Darryl Holman ("Holman"), by counsel, Reese J. Peck, Rathje Woodward, LLC, and for his Second Amended Complaint, alleges the following:

## INTRODUCTION

1. This lawsuit arises out of an unprovoked and malicious attack upon Holman by Defendant, Officer Mark Carey ("Officer Carey") of the Aurora Police Department. Rather than abide by his obligations and responsibilities to safeguard Holman while arresting him, Officer Carey (1) threatened Holman, (2) placed a wadded, hooded sweatshirt over his face and head (while he was handcuffed) and made it hard for him to breathe, and (3) committed a battery upon him with Officer Carey's foot.

2. As a result of this unprovoked and malicious attack, Holman suffered restricted breathing and chipped front teeth. This lawsuit, accordingly, seeks damages for Holman's injuries, which are a result of Officer Carey's excessive force.

## PARTIES

3. At all times relevant hereto, Holman was a resident of the State of Illinois and a citizen of the United States.

4. At all times relevant hereto, Officer Carey was an Officer of the Aurora Police Department and acting under the color of state and local law. Officer Carey is named in his individual capacity.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1331 and 1343 as it arises to redress the deprivation of rights secured in the United States Constitution pursuant to 42 U.S.C § 1983.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) as the events giving rise to the claims asserted occurred within the Northern District of Illinois.

## STATEMENT OF FACTS

7. On or about August 23, 2017, Officer Carey placed Holman into his custody by putting him on the ground and arresting him.

8. While Holman laid on the ground – faced downward – Officer Carey threatened Holman with his K9 Officer, stating: “You’re gonna get dogbit motherfucker!”

9. Officer Carey made this statement with the K9 Officer less than a foot from Holman’s face, which was near the ground.

10. Sometime after Holman was placed in handcuffs – while still on the ground – Officer Carey walked over to Holman and kicked him in the mouth.

11. Holman then complained about being kicked in the mouth, and Officer Carey wadded up Holman’s hooded sweatshirt and placed it over his face and head, making it hard for Holman to breathe.

12. As a result of being kicked in the face by Officer Carey, Holman suffered chipped front teeth.

13. After the arrest, Officer Carey claimed that he only kicked Holman in the arm.

**COUNT I - ACTION UNDER 42 U.S.C § 1983 FOR**
**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT**

14. Plaintiff realleges Paragraphs 1 through 13 as through fully set forth herein.

15. As described above, Officer Carey used excessive force on Holman, while he was arrested, handcuffed, and lying on the ground defenseless.

16. These actions by Officer Carey were under the color of state and local law and violated the Fourth and Fourteenth Amendment of the United States Constitution.

17. These acts of excessive force by Officer Carey were also the direct and proximate cause of the damages that Holman suffered (i.e., chipped front teeth).

18. The conduct of Officer Carey was willful and exhibited a flagrant disregard for Holman's federally secured due process rights.

19. Accordingly, Officer Carey is liable to Holman under 42 U.S.C § 1983.

WHEREFORE, Plaintiff Darryl Holman requests that the Court grant him the following just and reasonable relief:

A. enter a monetary judgment for compensatory damages in favor of Holman and against Defendant in an amount to be determined at trial;

B. enter a monetary judgment for punitive damages in favor of Holman and against Defendant in an amount to be determined at trial;

C. enter an award for reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988 (if applicable under the rules of appointment); and

D. such other relief that the Court deems just and reasonable.

Date: July 11, 2019

Respectfully submitted,

/s/ Reese J. Peck
Reese J. Peck, Esq.
David P. Hollander, Esq.
Rathje Woodward LLC
300 E. Roosevelt Rd., Ste. 300
Wheaton, IL 60187
Phone: (630) 668-8500
Fax: (630) 668-9218
rpeck@rathjewoodward.com
dhollander@rathjewoodward.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2019, I electronically filed the foregoing document with the United States District Court for the Northern District of Illinois using the CM/ECF system.

/s/ Reese J. Peck
Reese J. Peck, Esq.
Rathje Woodward LLC